# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 5:05CR207

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MARCUS L. CHAMBERLAIN. ) | |

**THIS MATTER** is before the Court on the Defendant's motion to withdraw his guilty plea. The Government has responded and the motion is denied for the reasons stated herein.

## PROCEDURAL BACKGROUND

On May 24, 2005, the Defendant and two co-defendants, Bethea and Montgomery, were indicted in a multi-count bill of indictment with various charges stemming from investment and mortgage fraud, counterfeit checks and obstruction of justice. The Defendant was charged with conspiracy to commit securities fraud, mail and wire fraud; conspiracy to possess with

1

intent to distribute cocaine and cocaine base[1]; money laundering; conspiracy to tamper with witnesses and destroy records[2]; altering and destroying records which were the subject of a federal investigation; and destruction of such records in order to obstruct an investigation.  The Defendant was arrested and made his first appearance on June 6, 2005 at which time court appointed counsel, Mark Foster (Foster), was provided to him.  Mr. Foster has represented the Defendant continuously since that time.

On June 9, 2005, Foster filed a motion for discovery, attended the Defendant's arraignment and obtained his release on bond.  On June 15, 2005, Foster successfully moved to continue the Defendant's trial.  On June 23, 2005, Foster filed two *ex parte* motions for services which were ultimately granted as amended.

On June 27, 2005, the indictment was superseded in order to add Defendant Ferguson and an additional count charging the Defendant with

---

[1] The indictment alleged that when investors began to demand payment, the Defendant bought cocaine and then re-sold it in order to raise funds to be used as lulling payments.

[2] The indictment alleged that when the Federal Bureau of Investigation (FBI) questioned Bethea and the Defendant, they removed certain business records from their place of business in order to prevent the FBI from seeing them.

conspiracy to money launder. A forfeiture count was also added which sought to forfeit $30,000 which allegedly was in an account in the Defendant's name.

On July 27, 2005, the Government superseded the indictment a second time in order to add a fifth defendant, North. The next day, co-defendant Ferguson entered into a plea agreement with the Government which was accepted after a Rule 11 hearing by the Magistrate Judge. On August 4, 2005, co-defendant Montgomery entered into a plea agreement with the Government which was also accepted on August 16, 2005.

On August 12, 2005, the Defendant's attorney moved to continue the trial of the case and the motion was granted. The case was re-scheduled for trial in November 2005. On August 24, 2005, co-defendant North entered into a plea agreement with the Government which was accepted on September 13, 2005.

On October 3, 2005, the Government's motion to continue the trial and for a peremptory setting was granted. The new trial date was set as January 31, 2006. In December, 2005, the Defendant's attorney obtained a modification of the conditions of his bond.

On December 16, 2005, the Government filed its Third Superseding Bill of Indictment which contained the following charges as to the Defendant:

Count 1: 18 U.S.C. §371, conspiracy to commit securities fraud, bank loan fraud, mail fraud and wire fraud;

Count 2: 21 U.S.C. §846, conspiracy to possess with intent to distribute in excess of 5 kilograms of cocaine and 50 grams of cocaine base;

Count 37: 18 U.S.C.§§2 & 1957, money laundering, aiding and abetting;

Count 44: 18 U.S.C. §1956(h), conspiracy to money launder;

Count 45: 18 U.S.C. §371, conspiracy to destroy records in order to obstruct a federal investigation; and

Count 46: 18 U.S.C. §§2 & 1519, destruction of records in order to obstruct a federal investigation, aid and abet.

The forfeiture count remained in the indictment.

In anticipation of trial, Foster filed two more motions for services, both of which were granted.

On January 20, 2006, the Defendant's remaining co-defendant, Bethea, filed a plea agreement with the Government. The indictment

alleged that Bethea was the major organizer of the conspiracy and fraudulent schemes. His guilty plea meant that he would have been a powerful witness for the Government in the event that the Defendant, the sole remaining defendant who had not yet entered into a plea agreement, went to trial.

On the same day that Bethea signed a plea agreement, the Defendant also entered into a plea agreement with the Government pursuant to which he pled guilty to Count 1 of the Third Superseding Bill of Indictment. The Defendant attended a Rule 11 hearing on January 23, 2006 at which time his guilty plea was accepted by the Magistrate Judge. On February 6, 2006, Foster successfully obtained a further modification of the Defendant's conditions of release. The Defendant has been on pre-trial release since his arrest.

On April 3, 2006, the undersigned sentenced co-defendant Montgomery to 30 months imprisonment with restitution to be paid in the amount of $1,725,910.60. On that same date, co-defendant Ferguson was sentenced to 8 months imprisonment with restitution of $120,000.00. And, co-defendant North was also sentenced on April 3, 2006 to 1 month of imprisonment with restitution of $18,766.28.

The Defendant filed this motion to withdraw his guilty plea on May 8, 2006.

## STANDARD OF REVIEW

Federal Rule of Criminal Procedure 11(d) provides that a defendant may withdraw his plea of guilty before the Court accepts the plea "for any reason or no reason[.]" **Fed.R.Crim.P. 11(d)(1).** If the defendant seeks to withdraw the guilty plea after acceptance but before sentencing, he must

> "show a fair and just reason for requesting the withdrawal." A defendant has no "absolute right" to withdraw a guilty plea, and the district court has discretion to decide whether a "fair and just reason" exists upon which to grant a withdrawal. The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted. Thus, when a district court considers the plea withdrawal motion, "'the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary' ... A voluntary and intelligent plea of guilty 'is an admission of all the elements of a formal criminal charge,' ... and constitutes an admission of all 'material facts alleged in the charge.'" Accordingly, a properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn.

***United States v. Bowman***, 348 F.3d 408, 413-14 (4th Cir. 2003).

In addition, in this Circuit the trial court must weigh the following factors:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether defendant has credibly

6

asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion; (4) whether the defendant has had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources.

**United States v. Wilson, 81 F.3d 1300, 1306 (4th Cir. 1996).**

In order to show that he did not have "the close assistance of competent counsel," Defendant must meet the standard set under *Strickland v. Washington*, 466 U.S. 668 (1984); *i.e.*, his counsel's performance fell below an objective standard of reasonableness and that but for that performance, there was a reasonable probability that the defendant would not have pled guilty but would have insisted on going to trial. **Bowman, 348 F.3d at 416.** That is, was counsel's performance "reasonable 'under prevailing professional norms,' and in light of the circumstances." **Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002).**

## DISCUSSION

Defendant claims that because the sentencing court has not yet accepted the plea of guilty, the first provision of Rule 11 applies; that is, the defendant may withdraw his guilty plea for any reason or no reason. In support of his argument, he cites the language of the plea agreement

7

which provides:

> The defendant is aware that the law provides certain limited rights to withdraw a plea of guilty. The defendant has discussed these rights with defense counsel and knowingly and expressly *waives any right to withdraw the plea once the District Court has accepted it*.

**Plea Agreement, filed January 20, 2006, at ¶16 (emphasis provided).**

Based on this language, the Defendant argues that the plea agreement trumps the provisions of Rule 11 and he may withdraw his plea of guilty for any reason or no reason until the undersigned accepts the plea at the sentencing hearing.

The fact that the Defendant executed a waiver of certain rights in his plea agreement is of no moment to the interpretation of Rule 11. That rule clearly provides that after "the court" accepts the plea, a defendant may withdraw it prior to sentencing only upon a showing of a fair and just reason. The rule does not define "the court" but Magistrate Judges routinely, in fact, almost exclusively, accept guilty pleas upon the conclusion of Rule 11 hearings. ***United States v. Woodward*, 387 F.3d 1329 (11th Cir. 2004).** In fact, the Defendant agreed in his plea agreement that the Magistrate Judge would perform that very function. **Plea Agreement,** *supra.***, at¶13.** And, during the Rule 11 colloquy the Defendant specifically acknowledged that he had a right to have the

8

District Court take his plea but "expressly consent[ed]" to proceed before the Magistrate Judge. **Entry and Acceptance of Guilty Plea (Rule 11 Proceeding), filed January 23, 2006, at ¶¶4-5.** Finally, at the conclusion of the colloquy, the Defendant heard the Magistrate Judge read the following provision and signed underneath that provision to record his consent:

> ON ADVICE AND IN THE PRESENCE OF COUNSEL, THE DEFENDANT CONSENTS TO THE ACCEPTANCE OF HIS[] GUILTY PLEA BY A MAGISTRATE JUDGE.

*Id.*, **at p. 5.**

Thus, despite any boilerplate language contained within the plea agreement, the Defendant stood in open court and acknowledged on two separate occasions that he consented to having the Magistrate Judge accept his plea of guilty. That consent was followed by the Magistrate Judge's statement on the record and in the Rule 11 colloquy form of the following:

> Based on the representations and answers given by the defendant (and counsel) in this proceeding, the Court finds that the defendant's plea is knowing and voluntarily made; and that the defendant understands the charges, potential penalties, and consequences of his [] plea. *Accordingly, the defendant's plea is hereby accepted*.

*Id*. **(emphasis provided).**

9

"[T]he fourth circuit has clearly established that once a guilty plea is entered, even before a magistrate judge, a defendant must present exceptional reasons to support its withdrawal." **United States v. Luisa, 266 F.Supp.2d 440, 446-47 (W.D.N.C. 2003).**

> Given that [Defendant] consented to have the magistrate judge preside over his Rule 11 and tendered his plea at that time, the magistrate judge's [acceptance of] his plea is binding. *See [United States v.] Hyde*, 520 U.S. 670, 677 (1997) ("Were withdrawal automatic in every case where the defendant decided to alter his tactics and present his theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim.").

**United States v. Breedlove, 7 Fed.Appx. 268 (4th Cir. 2001).** The Court therefore rejects the Defendant's position that because his plea agreement states his waiver becomes effective only when the district court accepts his plea then he may withdraw his plea for any or no reason. The Magistrate Judge accepted his plea and as a result, the Defendant must show a fair and just reason for withdrawal. **See, *e.g.*, United States v. Graham, 48 Fed.Appx. 458 (4th Cir. 2002); United States v. Gibson, 217 F.3d 841 (4th Cir. 2000); United States v. Ewing, 957 F.2d 115, 119 (4th Cir. 1992).**

In an attempt to show a "fair and just reason" for withdrawal, the Defendant makes the broad allegation that his decision to plead guilty was

not intelligently made due to the stress and pressure of "last-minute negotiations on the eve of trial." In contrast to this claim months after the event, at the Rule 11 hearing, the Defendant specifically acknowledged the following: (1) he wanted the court to accept his guilty plea; (2) he was not under the influence of any drug or alcohol and his mind was clear; (3) he had fully reviewed the charges against him with his attorney, understood them, understood the penalties and knew that the sentence could be more severe than anticipated; (4) he had a right to plead not guilty and go to trial; (5) by entering a guilty plea, he waived his right to a trial; (6) he was *"in fact, guilty;"* (7) he was satisfied with the services of his attorney to whom he had told anything relevant to his defense; and (8) the *Defendant wanted to plead guilty*.  **Entry and Acceptance of Guilty Plea,** *supra***. (emphasis provided).** "The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted." ***Bowman, supra.*** "[A] defendant's solemn declarations in open court affirming [a plea] agreement ... 'carry a strong presumption of verity'" because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." ***United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir.**

2005).  Statements made during the Rule 11 colloquy constitute a formidable barrier to proceedings to withdraw a plea.  *United States v. DeFusco*, 949 F.2d 114 (4th Cir. 1991).  "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established[.]"  *Lemaster*, 403 F.3d at 222.  From the record, it is clear that the Defendant's guilty plea was both counseled and voluntary.  *Bowman, supra.*

Defense counsel also makes the conclusory allegation that the Defendant has now stated that he "is actually innocent of Count One."[3]  **Motion to Withdraw Guilty Plea, filed May 8, 2006, at 3.**  A post-plea conclusory assertion of innocence is not the basis for withdrawal of a guilty plea.  *United States v. Laano*, 153 F.Supp.2d 205, 208 (E.D.N.Y. 2001).  To allow a motion to withdraw based on such an assertion would require the district court to completely ignore the written and oral statements of the Defendant made under oath that were treated as conclusive and truthful at the time.  *Id.*; **accord,** *Bowman, supra.*; *United States v. Wilson*, 429 F.3d 455, 458 (3rd Cir. 2005); *United States v. Hughes*, 325 F.2d 789,

---

[3]It is noted that the Defendant himself failed to make such an allegation under oath.  *United States v. Verduzco-Mendoza*, 2006 WL 715772 (5th Cir. 2006).

792 (2nd Cir. 1964).**

The Court therefore finds that the Defendant's guilty plea was counseled and voluntary and he has failed to credibly assert his claim of innocence.

The record also shows, as set out in the procedural history, that the Defendant received the close assistance of competent counsel. His attorney filed numerous motions, obtained more than one continuance and received permission to hire experts for services in connection with the case. The evidence against the Defendant was formidable - every one of his co-defendants stood ready to testify against him. The exposure he faced if found guilty of one or more of the many counts of which he was indicted was significantly greater than the exposure he faces as a result of entering into a plea agreement with the Government. ***United States v. Hussey*, 2006 WL 994428 (4th Cir. 2006).**

The Defendant entered into the plea agreement on January 20, 2006. The motion to withdraw was filed four months later, after all of his co-defendants have been sentenced except Bethea. This delay, alone,

warrants denial of the motion.[4]  **See, *e.g.*, *United States v. Verduzco-Mendoza*, *supra*.; *United States v. Proctor*, 2006 WL 1144558 (4th Cir. 2006); *United States v. Brehm*, 442 F.3d 1291 (11th Cir. 2006); *United States v. Valdez*, 362 F.3d 903, 913 (6th Cir. 2004); *United States v. Clark*, 931 F.2d 292, 294-95 (5th Cir. 1991).**

Finally, both the judicial system and the Government have expended significant resources and time in the Defendant's case.  It is most unusual in this Division of the Western District of North Carolina for a case to be continued as often as this one was continued.  **See, *e.g., United States v. Brehm*, *supra*.**  Federal tax dollars were expended not only for the court-appointed counsel but for the various experts and services sought by the Defendant.  *Id.*  And, to now place this matter back on a trial calendar would not only increase those expenditures but would prejudice the Government which months ago concluded its investigation and trial

---

[4]A somewhat vague allegation is made that the delay was justified by the fact that at some undisclosed point after the guilty plea, the Defendant learned that he "*likely* faces federal prosecution in the District of South Carolina for *essentially* the same drug conspiracy conduct charged in Count Two, a count the government agreed to dismiss pursuant to the plea agreement."  **Motion, at 3 (emphasis provided).**  This claim is hardly definitive.  Moreover, it overlooks the obvious double jeopardy issues raised by the dismissal with prejudice of such charges, if, in fact, the same conspiracy and the same conduct is involved.

preparation. *Id.*

Having considered all the factors involved, the Court finds that the motion should be denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to withdraw his plea of guilty is hereby **DENIED**.

Signed: May 19, 2006

Lacy H. Thornburg
United States District Judge